*Martin Bell, John D. Blair* with him, for appellant.

*George Orlady* and *Aug. S. Landis*, for appellee.

PER CURIAM, May 2, 1892:

We do not think it was error to refuse the issue prayed for. It is true, the circumstances connected with the destruction of the codicil are of a peculiar nature, and somewhat suspicious. The law presumes, however, in the absence of proof to the contrary, that it was done by the testator himself. There is nothing beyond mere suspicion pointing to anyone else. The most that the evidence shows is, that some one other than the testator might have destroyed the codicil. This, however, would not be sufficient to sustain a verdict against the will, and the issue was properly refused.

The decree is affirmed, and the appeal dismissed at the costs of the appellant.

## Duncan, et al., Appellants, *v.* Hartman.

*Real estate—Agent—Power to "manage"—Right to make exclusive grant to quarry—Informal execution.*

Duncan v. Hartman, 143 Pa. 595, affirmed.

Argued April 19, 1892.   Appeal, No. 309, Jan. T., 1892, by plaintiffs, Peter S. Duncan et al., from judgment of C. P. Blair Co., Oct. T., 1888, No. 58, on verdict for defendant, Jesse L. Hartman.   Before PAXSON, C. J., GREEN, WILLIAMS, MITCHELL and HEYDRICK, JJ.

*H. M. Baldridge* and *Alexander King*, for appellants.

*Martin Bell, John D. Blair* and *N. P. Mervine* with him, for appellee.

PER CURIAM, May 2, 1892:

This case was here upon a former appeal, and is reported in 143 Pa. 595.   As the learned judge below has followed our rulings in that case, it would be unprofitable to discuss it further.

Judgment affirmed.